# EXHIBIT A

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | FILED SUPERIOR COURT DIVISION |
| GUILFORD COUNTY | FILE NO.: 21 CVS 8134 |

2021 SEP 20 P 1:09

GUILFORD CO. C.S C
BY

GUILFORD COLLEGE,

    Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY
OF AMERICA,

    Defendant.

**COMPLAINT**

NOW COMES Plaintiff Guilford College ("Guilford College" or "Plaintiff"), and complaining of Defendant Travelers Indemnity Company of America ("Travelers" or "Defendant"), alleges and says the following:

## INTRODUCTION

1. This is a civil action by Plaintiff seeking coverage for loss of business income under its commercial insurance policy and related damages arising from the recent COVID-19 outbreak and its detrimental effects on Plaintiff's organization. Plaintiff timely submitted claims for loss of business income related to COVID-19 and is seeking to recover damages under its insurance policy issued by Defendant. Though the insurance policy provides coverage for Plaintiff's claims, Defendant has wrongfully denied coverage, violating its policy obligations, legal duties, and applicable law.

## PARTIES

2. Guilford College is a private, non-profit college located in Greensboro, North Carolina.

3. Upon information and belief, Travelers is a corporation duly organized under the laws of the State of Connecticut, with its principal office located at One Tower Square in Hartford, Connecticut.

4. Upon information and belief, at all times relevant to this action, Travelers is and was licensed under Chapter 58 of the North Carolina General Statutes and is authorized to conduct business in North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to, *inter alia*, N.C. Gen. Stat. § 1-253.

6. This Court has personal jurisdiction over Defendant because, within the time period relevant herein, Defendant has been licensed to transact insurance business in North Carolina, has in fact transacted business in North Carolina, or has maintained a substantial presence in North Carolina, upon information and belief.

7. Venue in this Court is proper pursuant to N.C. Gen. Stat. § 1-80 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Guilford College is located in Greensboro, Guilford County, North Carolina.

8. All conditions precedent as to Plaintiff set forth in the applicable insurance contract have been performed.

## FACTUAL BACKGROUND

9. Founded in 1888, Guilford College is a private, non-profit liberal arts college located in Greensboro, North Carolina. Guilford College has a diverse student body of approximately 1,700 students and offers 41 majors. Guilford College is a residential campus, which means the College requires traditional students under the age of 23 to live on campus and rely heavily on campus facilities.

10. On or around July 15, 2019, Defendant issued Guilford College a commercial insurance policy, number Y-630-7N363701-TIA-19, for the period of July 1, 2019 to July 1, 2020, which was subsequently renewed under policy number Y-630-7N63701-COF-20 for the period of July 1, 2020 to July 1, 2021 (collectively referred to as the "Policy").

11. The Policy includes a Business Income Coverage Form that provides coverage for loss of business income sustained due to the necessary "suspension" of "operations". "Suspension" is defined in the Policy as "[t]he partial or complete cessation of your business activities".

12. The Business Income Coverage Form is subject to a limit of $31,040,880.00.

13. On or about January 21, 2020, the United States experienced its first reported case of the virus COVID-19, upon information and belief. Since then, the virus has now reached the level of a global pandemic.

14. The Centers for Disease Control and Prevention ("CDC") and studies have concluded that COVID-19 survives and remains infectious on surfaces and objects for days. Thus, a person can get COVID-19 by touching a surface or object that has the virus on it and, as such, COVID-19 physically affects and damages all with which it comes in contact.

15. COVID-19 quickly spread around the country, including, based upon information and belief, within the geographic area set forth in the Policy's various coverage provisions discussed herein.

16. The CDC tracks and provides data on the progression and instances of COVID-19 across the country, including the counties in North Carolina, which is compiled on its website database as "Coronavirus Disease 2019 (COVID-19)," "Cases and Deaths by County."

17. Various civil authorities have recognized the presence and loss of or damage to property and people by COVID-19 and the life-threatening dangers it has caused and have

issued orders impairing (and even eliminating) access to businesses and organizations, including Guilford College.

18. For example, in North Carolina, Governor Roy Cooper issued an executive order declaring that COVID-19 caused a "State of Emergency," which is defined as "an occurrence or immediate threat of severe damage, injury, or loss of life <u>or property</u>" *See* N.C. Exec. Order No. 116 (Mar. 10, 2020) (emphasis added) (citing N.C. Gen. Stat. § 166A-19.3(6) (2019)). The Order defined the "emergency area" as the entire State of North Carolina. *Id.*

19. The Centers for Disease Control ("CDC") prohibited certain travel.

20. Governor Cooper issued Executive Order No. 117, which prohibited gatherings at Guilford College of more than 100 individuals. N.C. Exec. Order No. 117 (Mar. 14, 2020).

21. Governor Cooper further issued Executive Order No. 118, which was issued due to "an immediate threat of serious physical injury" from COVID-19. N.C. Exec. Order No. 118 (Mar. 17, 2020). Executive Order No. 119 prohibited in-person dining at Guilford College's eating facilities.

22. Governor Cooper also issued a statewide Stay At Home Order, effective March 30, 2020, requiring all individuals to stay at their place of residence and restricting non-essential travel. The Order further prohibited gatherings of more than ten people in a single room or single space at the same time. N.C. Exec. Order No. 121 (March 27, 2020).

23. N.C. Exec. Order No. 121 shut down educational institutions, with the limited exception of permitting operations for "purposes of facilitating remote learning, performing critical research, or performing essential functions".

24. Most, if not all, colleges and universities in the state had to take unprecedented measures in order to protect their students, faculty, staff and the community from the threat of COVID-19. Most, if not all, ceased the majority of on-campus operations and transitioned to remote learning in a relatively short period of time.

4

25. In response to COVID-19, Guilford College originally extended spring break for one week, with coursework resuming virtually on March 23, 2020, with a plan for students to return to campus on March 30, 2020.

26. As COVID-19 expanded, Guilford College further decreed that students would not return to campus for the remainder of the spring semester and the remaining weeks of spring courses would be delivered remotely. Employees were directed to begin working remotely.

27. In addition to closing its residence halls and dining facilities, Guilford College was also forced to cancel on-campus and off-campus events to comply with social distancing orders and restrictions on gatherings.

28. Guilford College lost substantial tuition and room and board revenue and continues to experience substantial loss of income.

29. As a result of the above, Guilford College's normal operations were suspended, and Guilford College has experienced and is experiencing substantial loss of income and extra expenses, which are insured and covered under the Policy.

30. In accordance with the terms of the Policy, on or around April 19, 2021, Guilford College timely notified Defendant in writing of the suspension of its business operations and insurance claims.

31. On or around April 21, 2021, Defendant wrongfully denied Guilford College's claims, indicating, incorrectly, that the Policy does not cover the losses that Guilford College suffered.

32. Defendant denied coverage because, among other things, "[t]he presence or possible presence of the COVID-19 virus does not constitute 'direct physical loss of or damage to property' within the meaning of [the P]olicy."

33. Defendant further denied coverage on the basis that "[t]he virus exclusion applies ... as the COVID-19 virus is a virus capable of inducing physical distress, illness or disease."

34. The Policy's Deluxe Property Coverage Form provides that the term "Covered Property" means Guilford College's premises.

35. The Policy's Deluxe Property Coverage Form provides coverage for, among other things, "direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

36. The Policy's Deluxe Property Coverage Form provides that "Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS ...."

37. Thus, the Policy's Deluxe Property Coverage Form provides coverage for: "direct physical loss of or damage to Covered Property caused by or resulting from [RISKS OF DIRECT PHYSICAL LOSS]".

38. The Policy's Deluxe Property Coverage Form, which applies to direct physical loss of or damage to Covered Property (defined as the premises described in the declarations) caused by or resulting from a covered cause of loss, subsequently excludes coverage to Covered Property caused by Risks of Direct Physical Loss that would otherwise be covered.

39. In this regard, the Policy's Deluxe Property Coverage Form includes a "Virus or Bacteria" exclusion (hereinafter, the "Virus Exclusion") that excludes coverage for "loss or damage caused directly or indirectly by ... [a]ny virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease."

40. Thus, the Policy's Deluxe Property Coverage Form initially provides coverage for claims of direct physical loss of or damage to Guilford College's premises (Covered Property) caused by any cause of loss, which would include viruses at Covered Property, and

6

then excludes coverage for property damage caused by a virus to Covered Property, defined in the declarations as property at Guilford College.

41. Because the Virus Exclusion is in the section of the Policy that only applies to physical loss of or damage to Covered Property, which is defined as the premises described in the declarations, the Virus Exclusion only excludes coverage for direct physical loss of or damage to Covered Property at Guilford College's properties described in the Policy's declarations.

42. The Policy provides two distinct categories of insurance—Deluxe Property Coverage and Deluxe Business Income (and Extra Expense) Coverage—that protect different business property interests. The Deluxe Property Coverage Form provides coverage for damage to Covered Property, which is specifically defined as Guilford College's property. The Deluxe Business Income (and Extra Expense) Coverage Form provides coverage for lost business income arising from causes of loss. The Virus Exclusion is contained in the Deluxe Property Coverage Form. Thus, the Virus Exclusion plainly only excludes coverage for property damage caused by a virus to Covered Property at Guilford College.

43. The Deluxe Business Income (and Extra Expense) Coverage Form provides that "[t]he following exclusions and limitations apply in addition to the exclusions and limitations contained in the Deluxe Property Coverage Form." However, the Deluxe Business Income (and Extra Expense) Coverage Form does not change the meaning of the Virus Exclusion as set forth in the Deluxe Property Coverage Form, which is to exclude coverage for damage to Guilford College's properties caused by viruses, bacteria, and microorganisms located at the Covered Property.

44. Despite the fact that Guilford College has not claimed physical damage at Guilford College's property caused by COVID-19, Defendant has relied upon the Deluxe Property Coverage Form's exclusion for damage caused by a virus.

45. Guilford College further contends that any exclusion in the Policy that Defendant contends applies to COVID-19 is inapplicable as Defendant's interpretation of such exclusions are contrary to more favorable reasonable interpretations.

46. Defendant has relied on exclusions that are inappropriately broad and ambiguous. For example, the Deluxe Property Coverage Form's exclusion for damage caused by viruses and other microorganisms applies without limitation for when the virus or microorganism caused property damage or what type of microorganism caused property damage. Furthermore, microorganism is undefined and could be anything microscopic.

47. The virus that causes COVID-19, or any other virus, is not a microorganism despite the Policy grouping such pathogens, creating an ambiguity.

48. Despite excluding coverage caused by a virus or other microorganism, which are contaminants and irritants, the Policy specifically provides coverage for costs incurred in responding to contaminants and irritants.

49. The Deluxe Business Income (and Extra Expense) Coverage Form provides coverage for lost business income from dependent property (not Guilford College's property) located anywhere in the world.

50. The Deluxe Business Income (and Extra Expense) Coverage Form provides coverage for civil authority when a covered cause of loss causes damage to property other than property at the described premises.

51. The risk of direct physical loss due to COVID-19 has caused damage to property within 100 miles of the Covered Property.

### FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

52. Guilford College incorporates the preceding paragraphs by reference as if fully set forth herein.

53. Under N.C. Gen. Stat. § 1-253 *et seq.*, the Court may declare rights, status, and other legal relations in order to settle and to afford relief from uncertainty and insecurity with respect thereto, whether or not further relief is or could be claimed.

54. An actual controversy exists between Guilford College and Defendant regarding the parties' respective rights, duties, and obligations concerning the Policy.

55. Guilford College contends, *inter alia*, that the Policy provides insurance coverage for Guilford College's insurance claims, and that Defendant is required to cover the claims.

56. The insuring provision requires that the "direct physical loss of or damage to property" result from a "Covered Cause of Loss." While the term "Covered Cause of Loss" is capitalized, signifying that the term is specifically defined in the Policy, the term is undefined. Rather, the phrase references the "Covered Causes of Loss" section, which states that "Covered Causes of Loss" means RISKS OF DIRECT PHYSICAL LOSS. This language does not prevent coverage, but provides coverage.

57. Guilford College contends that the Policy provides coverage for loss of business income sustained and extra expense incurred.

58. Guilford College contends that the Policy provides coverage here under additional coverages for "Civil Authority" during the period that access to the premises has been prohibited by action by civil authority.

59. Guilford College further contends that the Policy provides coverage under the loss of Business Income From Dependent Property section of the Policy.

60. Guilford College further contends that any exclusion in the Policy that Defendant contends applies to COVID-19 is inapplicable as Defendant's interpretation of such exclusions are contrary to more favorable reasonable interpretations.

9

61. As a result of the above, Guilford College has experienced substantial losses to revenues due to its suspension of operations and cancellation of on-campus and off-campus events, which Guilford College contends are insured and covered under the Policy.

62. Though Guilford College has complied with conditions precedent in the Policy and has submitted notice of its claims, Defendant has denied coverage for Guilford College's claims.

63. Defendant disputes that coverage is afforded under the Policy, as set forth above.

64. A declaratory judgment will resolve the above disputes and will determine the parties' respective rights, duties, and obligations in this matter, and will alleviate the parties' uncertainty regarding Defendant's liability and Guilford College's rights under the Policy.

65. Resolution of the duties, responsibilities, and obligations of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

66. Therefore, pursuant to N.C. Gen. Stat. § 1-253 *et seq.*, Guilford College is entitled to a declaration that the Policy provides coverage for Guilford College's claims.

## SECOND CLAIM FOR RELIEF—BREACH OF CONTRACT

67. Guilford College incorporates the preceding paragraphs by reference as if fully set forth herein.

68. Guilford College and Defendant are parties to the Policy described above.

69. Guilford College has complied with all conditions and obligations under the Policy regarding its right to coverage by Defendant for its claims.

70. Defendant breached by denying that it has an obligation to cover Guilford College's claims, thereby breaching its obligations under the Policy and under North Carolina law.

71. Because Defendant has breached by denying coverage according to the Policy's terms, Guilford College has been forced to bear the costs of loss including, but not limited to, loss of business income and extra expense not normally incurred with respect to its business.

72. Defendant has breached by denying coverage under the loss of Business Income From Dependent Property section of the Policy.

73. Defendant has breached by denying coverage for "Civil Authority" for loss of business income sustained by Guilford College when Guilford College's business operations were interrupted or reduced because access to Guilford College's business location was impaired by order of civil authority.

74. As a direct result of Defendant's breach of contract, Guilford College has been damaged in an amount greater than Twenty-Five Thousand Dollars and 00/100 ($25,000.00), to be determined at trial.

## THIRD CLAIM FOR RELIEF—BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

75. Guilford College incorporates the preceding paragraphs by reference as if fully set forth herein.

76. As set forth herein, Defendant is obligated to provide coverage for Guilford College's claims under the terms of the Policy.

77. Defendant's obligations are not discretionary.

78. To the extent that Defendant argues or contends that it could exercise discretion in regard to its obligations, however, it has a duty of good faith and fair dealing

11

not to take actions that deny Guilford College the ability to receive the benefits to which they are entitled under the Policy.

79. Defendant has a duty to perform its obligations under the Policy that, according to reason and justice, it should do in order to carry out the purpose for which the Policy was entered into.

80. Defendant has not acted reasonably, in good faith, or in a manner consistent with fair play.

81. Defendant failed to request or seek any investigatory information in order to investigate Guilford College's Claims, which insurance carriers are required to do by law.

82. Instead, without having conducted the requisite investigation, Defendant denied coverage for Guilford College's claims *in toto*.

83. Defendant did not provide an explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claims.

84. Defendant's actions are designed to avoid coverage that is provided under the Policy for Guilford College's claims.

85. Defendant's actions are injuring and interfering with Guilford College's rights to receive the benefits of the Policy, namely coverage for its claims.

86. Defendant's breaches of the implied covenant of good faith and fair dealing have caused and will continue to cause damage to Guilford College.

87. Guilford College has incurred and will continue to incur cognizable damages as a result of Defendant's breaches of the implied covenant of good faith and fair dealing and is entitled to recovery of its damages.

**PRAYER FOR RELIEF**

WHEREFORE, Guilford College requests that the Court award the following relief:

1. Judgment declaring that, pursuant to the Policy, Defendant, as a matter of law, must provide coverage for Guilford College's Claims as set forth herein;

2. An award of compensatory, incidental, and/or consequential damages for Guilford College against Defendant, in an amount to be determined at trial;

3. An award of pre- and post-judgment interest;

4. A jury trial on all issues so triable; and

5. Such other and further relief as the Court deems just and proper.

This the 17 day of September 2021.

THE MCDOUGAL LAW FIRM, PLLC

_____
Gregg E. McDougal, NCSB # 27290
William R. Hartzell, NCSB # 50762
316 W. Edenton Street, Suite 100
Raleigh, North Carolina 27603
T: (919) 893-9500
F: (919) 893-9510
gregg@themcdougallawfirm.com
will@themcdougallawfirm.com
lawrence@themcdougallawfirm.com

13