IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GUILFORD COLLEGE,<br><br>*Plaintiff*,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>*Defendant*. | Case No. 1:21-cv-00838 |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant, The Travelers Indemnity Company of America, hereby respectfully moves to dismiss the Complaint, ECF No. 1-2, (the "Complaint"), with prejudice. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

Plaintiff Guilford College ("Plaintiff" or "Guilford College") operates a private non-profit residential college in Greensboro, North Carolina (the "Premises"). Plaintiff seeks insurance coverage for its business income losses and extra expenses allegedly incurred due to restrictions imposed by various governmental orders issued in North Carolina, in response to and to combat the spread of the Coronavirus (the "Orders"). Plaintiff seeks coverage under various provisions of the insurance policy that Travelers issued to Plaintiff (the "Policy"). Plaintiff is not entitled to coverage under any of the Policy provisions under which it seeks coverage—the Business Income, Extra Expense, Business Income from

1

Dependent Property ("Dependent Property"), or Civil Authority provisions—for several reasons:

Plaintiff's claims for coverage under the Business Income, Extra Expense, and Dependent Property provisions fail because the Policy requires: (1) that there be a suspension of operations caused by "direct physical loss of or damage to property"; and (2) that such "loss or damage must be caused by or result from a Covered Cause of Loss." Plaintiff's factual allegations fail to satisfy either of these essential requirements. Plaintiff expressly alleges that nothing physically happened to its *property*; instead, Plaintiff merely alleges that it temporarily lost the use of its property based on the effect of the Orders. The United States Courts of Appeals for the Sixth, Eighth, Ninth, and Eleventh Circuits have all rejected this "loss of use" theory, as well as federal district courts in North Carolina and throughout the country. The same result is warranted here.

Plaintiff also cannot satisfy the Policy's requirements for Civil Authority coverage, which applies where a civil authority action prohibits access to the insured premises "[w]hen a Covered Cause of Loss causes damage to property other than property at the described premises" and "[a]ccess to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the [insured] premises are within that area but are not more than 100 miles from the damaged property." Plaintiff fails to plead any facts demonstrating that the Orders prohibited Plaintiff from accessing the Premises. Plaintiff's Complaint also fails to allege that the Orders were issued

due to damage caused by a Covered Cause of Loss at non-insured premises, as required by the Policy.

Moreover, even if Plaintiff could allege the requisite "direct physical loss of or damage to property" at the insured premises (for purposes of the Business Income and Extra Expense coverages) or at a non-insured location (for purposes of the Civil Authority or Dependent Property coverages), Plaintiff has not pled, and cannot plead, that any such "direct physical loss of or damage to property" was caused by a Covered Cause of Loss. Courts across the country, including North Carolina federal district courts applying nearly identical policy language in similar Coronavirus-related coverage cases, have held that the Policy's exclusion for "loss or damage caused directly or indirectly by . . . [a]ny virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease" (the "Virus Exclusion") unambiguously precludes coverage. This Court should reach the same result here.

In addition to the Virus Exclusion, the Policy also includes other applicable exclusions, including the Ordinance or Law exclusion and the Acts or Decisions exclusion—both of which preclude coverage for loss or damage caused by a governmental order of the type at issue here.

**WHEREFORE**, Travelers respectfully requests that the Court enter an order dismissing the Complaint, in its entirety, with prejudice, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

*/s/ Reid C. Adams, Jr.*

Reid C. Adams, Jr.
Womble Bond Dickinson (US) LLP
One West 4th Street
Winston-Salem, NC 27101
Tel: 336-721-3660
Email: cal.adams@wbd-us.com


Wystan M. Ackerman (*pro hac vice* motion forthcoming)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8200
E-mail: wackerman@rc.com

*Attorneys for Defendant The Travelers Indemnity Company of America*

4

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

*/s/ Reid C. Adams, Jr.*
Reid C. Adams, Jr.
Womble Bond Dickinson (US) LLP
One West 4th Street
Winston-Salem, NC 27101
Tel: 336-721-3660
Email: cal.adams@wbd-us.com